```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**ERIC C. WOLF,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION NO. 5:05-0436**

**MARTY C. ANDERSON, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Two items in the above-referenced case are currently pending before the court. First is plaintiff's motion to amend his complaint to include various officials associated with the processing of his administrative remedy (Doc. No. 14, Attach. No. 1). Second are plaintiff's objections to the proposed findings and recommendations entered by United States Magistrate Judge R. Clarke VanDervort on December 20, 2005 (Docket Nos. 14).

Because the court accepts the analysis and legal conclusions in the magistrate judge's proposed findings and recommendations, the court finds that allowing plaintiff to amend his complaint in the manner he wishes to would be of no benefit as it would not allow this claim to proceed. As such, the court hereby DENIES plaintiff's motion to amend (Doc. No. 14), and CONFIRMS and ACCEPTS the factual and legal analysis within the magistrate judge's Proposed Findings and Recommendation. As such, the court hereby DENIES plaintiff's complaint for injunctive relief (Doc. No. 2), DENIES plaintiff's application to proceed *in forma*

*pauperis* (Doc. No. 1), DISMISSES this case without prejudice, and DIRECTS the Clerk to remove this matter from the court's active docket.

### A.  Factual and Procedural Background

On May 27, 2005, plaintiff filed a complaint stating that after his application for permanent work status was denied by prison officials, after advising him that the would do so, defendants, all prison officials, punished him for refusing to work.  (See Doc. No. 2 at 2.)  Plaintiff requested that the court grant him injunctive relief ordering defendants to place him on permanent no-work status.  (Id.)  In October, plaintiff notified the court that he had been transferred to USP McCreary, located in Pine Knot, Kentucky.  (Doc. No. 10.)

By Standing Order entered on July 21, 2004, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation on December 20, 2005, and proposed that this court (1) confirm and accept the Magistrate Judge's findings contained within his Proposed Findings and Recommendation, (2) deny petitioner's Application to Proceed *in Forma Paupris* (Docket No. 1), (3) dismiss petitioner's complaint for injunctive relief

(Docket No. 2), (4) dismiss this case without prejudice, and (5) direct the Clerk to remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation. After plaintiff timely filed a request for extension for the time period to file objections, plaintiff submitted no further arguments supporting his complaint.*

### B. Analysis

In his proposed findings and recommendations, the magistrate judge found that plaintiff's claim for injunctive relief must be dismissed because no actual and continuing controversy remains in effect because plaintiff has been moved to a different institution. (See Doc. No. 12 at 2-3.) "Plaintiff's transfer from Beckley FCI to USP McCreary rendered the issues presented in this matter 'no longer "live"' and plaintiff's claim for injunctive relief moot in this district." (Id. at 3.) The magistrate judge noted that plaintiff would be able to raise the same claims in district courts in Kentucky should the

---

\* Plaintiff submitted a set of objections, a motion to amend, and a letter-motion requesting an extension of the time in which he could file objections on December 29, 2005. (See Doc. Nos. 13 & 14.) In the interest of letting plaintiff properly develop his case, the court has considered both sets of objections filed by plaintiff.

circumstances alleged in this case develop at USP McCreary. (Id.)

Plaintiff raises two objections to magistrate judge's recommendations. First, plaintiff contends that this matter is not moot because the "condition or practice" of which he complains also exists at his new institution. (See Doc. No. 14-1 at 1.) Because the "condition or practice" exists at his new institution, and because the earlier decision has a "continuing effect" post-transfer, plaintiff asserts that the issue is not moot. (Id.) (citing cases).

Second, plaintiff avers that he was deliberately transferred in an effort by defendants to moot this action. (Id. at 1-2.) Plaintiff contends that the transfer to USP McCreary from USP Beckley, ostensibly done so plaintiff could be closer to his wife, was in actuality done to allow prison officials to continue violating the rights of inmates situated like him. (Id. at 2.) Plaintiff states that the court should not moot this civil action and should instead allow it to continue such that defendants can be made to follow the law. (Id.)

To maintain an action against public officials, a plaintiff "must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). When a prisoner has been released or transferred

"there is no longer . . . a substantial controversy between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See Inmates v. Owens, 561 F.2d 560, 562 (4th Cir. 1977); see also Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that a prisoner transfer mooted a request for declaratory and injunctive relief); Moore v. Thieret, 862 F.2d 148, 150 (7th Cir. 1988) (holding that a transfer rendered the claim for injunctive relief moot).

However, in this case plaintiff provides evidence that the same regulations he was punished for violating exist at the USP McCreary facility. (See Doc. No. 1 at 1.) The question then becomes whether the existence of similar regulations, standing alone, suggests that plaintiff is presently in danger of sustaining some direct injury, or that there is a real and immediate threat of such injury in the future. See Buie v. Jones, 717 F.2d 925, 927-28 (4th Cir. 1993).

Plaintiff was transferred to FCI McCreary in October, 2005. (See Doc. No. 10.) Since his transfer, more than four months have passed. Although plaintiff infers that there is a possibility that he could be punished similarly at this new facility as he was at FCI Beckley, he has presented no evidence that he has been. Four months is a meaningful period of time. Given that he has been at his new facility for four months

without being punished for being unable to work, it appears likely that officials at FCI McCreary interpret either the regulation, or plaintiff's condition, in a manner different than officials did at plaintiff's previous institution. Given that this is the case, plaintiff's first objection is hereby OVERRULED.

The court must overrule plaintiff's second objection for similar reasons. Plaintiff's second objection is that, because he was transferred in order to moot a legal action he was currently pursuing against FCI Beckley, the court should not find his lawsuit as moot. (See Doc. No. 14 at 2.) As support for this proposition plaintiff cites Higgason v. Farley, 83 F.3d 807 (7th Cir. 1996), Thaddeus X v. Blatter, 110 F.3d 1233 (6th Cir. 1997), and Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986). (See Doc. No. 14.)

These cases do not appear to support plaintiff's position. In Higgason, the Seventh Circuit, following Lyons, held that cases are not moot post-transfer only in "exceptional situations" where "the named plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." 83 F.3d at 810. The decision makes clear that "alleged illegality" means an illegality at his first prison, and not a speculative illegality occurring at the prison to which he was transferred. See id. Similarly, nothing in the Sixth Circuit's later en banc rehearing

in Thaddeus X suggests that allowing plaintiff's claim to proceed here even though post-transfer he does not appear to have been disciplined would be appropriate. See 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Thaddeus-X is not a claim like plaintiff's, but is, instead, a claim under the First Amendment alleging retaliation. Neither its language nor its logic support the notion plaintiff offers for it: that this court, as a remedy for his allegedly unconstitutional transfer, should allow a mooted claim to proceed. Plaintiff's third case is also unhelpful. In Duran, a New Mexico district court did not discuss any law helpful to plaintiff's position. Instead, the court focused on the appropriate standard for preliminary injunction in the context of an Eighth Amendment violation. See 642 F. Supp. at 510-29.

Even construing plaintiff's complaint and objections according to the standard appropriate to a pro se claimant, the court has no legal basis for allowing this claim to proceed. Although the court is troubled by the possibility that plaintiff's transfer mooted a claim which may arise again in a federal facility in Kentucky, the court is limited by Article III of the United States Constitution from adjudicating it at this time. Plaintiff is advised that if he is punished in Kentucky for violating the regulation at issue, he should file a claim in

-7-

the Kentucky district court having appropriate jurisdiction. This said, petitioner's second objection is hereby OVERRULED.

### C.  Conclusion

For the reasons discussed above, the magistrate judge's decision was well-reasoned and supported by case law. Petitioner's objections are accordingly OVERRULED.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 26th day of January, 2006.

ENTER:

*[signature: David A. Faber]*

David A. Faber
United States District Judge